JS-6

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-08639-JLS-JC                    Date: July 25, 2023
Title:  Eric Rojas v. Mission Linen Supply et al

Present:  **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

    Gabby Garcia                                          N/A
    Deputy Clerk                                     Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

        Not Present                                      Not Present

**PROCEEDINGS:   (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S
                  MOTION TO REMAND (Doc. 19)**

    Before the Court is Plaintiff Eric Rojas's Motion to Remand.  (Mot., Doc. 19.)
Defendant Mission Linen Supply opposed, and Rojas replied.  (Opp., Doc. 21; Reply,
Doc. 23.)  The Court took the matter under submission.  (Doc. 20.)  For the following
reasons, Plaintiff's Motion to Remand is GRANTED.

**I.      BACKGROUND**

    The facts here are drawn from Plaintiff Rojas's Complaint.  Rojas, a Riverside
County resident, began working for Defendant Mission Linen in May 2005.  (Compl.,
Doc. 1-1 ¶¶ 1, 5.)  His duties included loading trucks, ordering and selling products, and
getting new customers.  (*Id.* ¶ 6.)  In June 2020, Rojas became disabled and went on a
medical leave of absence with Mission Linen's approval.  (*Id.* ¶ 8.)  He resumed
employment on June 28, 2021, but after about a week, Rojas reaggravated or experienced
an onset of injury, prompting a medical evaluation.  (*Id.* ¶ 9.)  Rojas's healthcare
providers put him back on disability and Rojas went on medical leave.  (*Id.* ¶ 10.)  From
July 2, 2021 to January 1, 2022, Rojas provided regular medical status reports to Mission
Linen at two-week intervals.  (*Id.* ¶ 11.)  After returning to work on January 1, 2022,

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-08639-JLS-JC                    Date: July 25, 2023
Title:  Eric Rojas v. Mission Linen Supply et al

Rojas was medically cleared to work subject to medical restrictions, which he provided to Mission Linen.  (*Id.* ¶ 12.)  Mission Linen told Rojas that, because he was still disabled, they could not provide him with any position.  (*Id.*)  They did not engage in an interactive process regarding his requested accommodations, and instead stated that Rojas's resumption of work was contingent on Rojas being fully medically cleared and passing a "fit for duty" test.  (*Id.* ¶ 13.)  Rojas was fully medically cleared on March 1, 2022, and returned to work.  (*Id.* ¶ 14.)  However, when he returned to work, Mission Linen took away his route and his seniority level.  (*Id.*)  After he had resumed employment, Mission Linen reduced his seniority even further, Rojas alleges, in retaliation.  (*Id.* ¶ 15.)

On October 5, 2022 Rojas filed suit in Santa Barbara County Superior Court, Case No. 22CV03883.  He brought claims for: (1) disability discrimination in violation of the Fair Employment and Housing Act ("FEHA"); (2) failure to provide reasonable accommodations in violation of FEHA; (3) failure to engage in good faith interactive process in violation of FEHA; (4) failure to prevent discrimination in violation of FEHA; (5) violation of California Labor Code section 98.6; (6) violation of California Labor Code section 432.6; and (7) retaliation in violation of FEHA.  (*Id.* ¶¶ 16-64.)  Mission Linen removed the action to this Court on November 28, 2022, asserting federal question jurisdiction because Rojas's state law claims were preempted by section 301 of the Labor Management Relations Act ("LMRA").  (Notice of Removal ("NOR"), Doc. 1 at 4-5.)

Rojas now moves to remand to Santa Barbara County Superior Court.

## II.  <u>LEGAL STANDARD</u>

Defendants may remove a case that was filed in state court to a federal court in the same district and division if the federal court would have had original jurisdiction over the action.  *See* 28 U.S.C. § 1441; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  The removal statute is to be strictly construed against removal jurisdiction, and the party seeking removal bears the burden of establishing its propriety.  *See California ex. rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-08639-JLS-JC                          Date: July 25, 2023

Title:  Eric Rojas v. Mission Linen Supply et al

        "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392.  However, "there is a corollary to the well-pleaded complaint rule under the complete preemption doctrine, applied primarily under § 301 of the LMRA."  *Stearns v. Davis Wire Corp.*, No. 16-2401, 2016 WL 3008167, at *2 (C.D. Cal. May 23, 2016) (quotations omitted).  Even when only state law claims have been pleaded, "complete pre-emption" is a sufficient basis for removal.  *Caterpillar*, 482 U.S. at 393.  Section 301 of the LMRA is a federal statute that has complete preemptive force. *Id.* at 393–94.

        Courts in the Ninth Circuit use a two-step analysis to determine whether claims are preempted under section 301.  First, the court evaluates the "'legal character' of the claim by asking whether it seeks purely to vindicate a right or duty created by the CBA itself"—*i.e.*, whether the CBA is "'only source' of the right the plaintiff seeks to vindicate."  *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 920–21 (9th Cir. 2018) (en banc) (cleaned up).  The question is "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA."  *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007).  "If the right exists solely as a result of the CBA, then the claim is preempted, and [the] analysis ends there."  *Id.*

        Second, if the court determines that the claim is not grounded in a CBA, it "must still consider whether [the claim] is nevertheless substantially dependent on analysis of a collective-bargaining agreement."  *Id.* (quotations omitted).  A state law right is "substantially dependent" on the terms of a CBA if a court must interpret, as opposed to merely "look to," the collective bargaining agreement to resolve the plaintiff's claim.  *Id.* at 1060.  "[C]laims are only preempted to the extent there is an active dispute over the meaning of contract terms."  *Alaska Airlines*, 898 F.3d at 921 (quotations omitted).  If "resolving the state law claim requires a court to refer to the CBA and apply its plain or undisputed language—for example, to discern that none of its terms is reasonably in dispute; to identify bargained-for wage rates in computing a penalty; or to determine

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-08639-JLS-JC                          Date: July 25, 2023

Title:  Eric Rojas v. Mission Linen Supply et al

whether the CBA contains a clear and unmistakable waiver of state law rights"—that is not enough for preemption.  *Id.* at 922 (cleaned up).

When applying this two-step analysis, the Court may consider documents that are extrinsic to the complaint.  *See Coria v. Recology, Inc.*, 63 F. Supp. 3d 1093, 1097 (N.D. Cal. 2014) (citing *Parrino v. FHP, Inc.*, 146 F.3d 699, 704 (9th Cir. 1998) ("Because complete preemption often applies to complaints drawn to evade federal jurisdiction, a federal court may look beyond the face of the complaint to determine whether the claims alleged as state law causes of action in fact are necessarily federal claims.")).[1]

## III.   DISCUSSION

Mission Linen argues that "the Complaint is almost entirely reliant on the allegations that Plaintiff lost certain 'seniority' rights and his prior route assignment after returning from a year-long leave of absence."  (Opp. at 5.)  Because these seniority rights and route assignments are governed by the collective bargaining agreement ("CBA") between Rojas's union, Teamsters Local 890, and Mission Linen, Mission Linen argues, Rojas's claims are preempted.  (*Id.* at 5-6; *see also* CBA, Doc. 22-1.)  It points to a number of provisions of the CBA, including Off the Job Injury/Illness, Seniority, Route Bidding, and Grievance Arbitration, that it argues will need to be interpreted to resolve this case.  (Opp. at 8-10.)  Rojas argues that remand is appropriate because his discrimination claims are not substantially dependent on the terms of the CBA, he has not pleaded any breach of contract claims, and CBA provisions are only tangentially involved in the resolution of his claims.  (Mot. at 6-7.)  He further argues that an award of attorney fees and costs is appropriate because Mission Linen's removal was not warranted by existing law.  (*Id.* at 7-8.)

---

[1] Mission Linen requests judicial notice of the CBA and Rojas does not oppose the request or question the authenticity of the document.  Accordingly, pursuant to Federal Rule of Evidence 201, the Court grants Defendant's request.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-08639-JLS-JC                          Date: July 25, 2023

Title:  Eric Rojas v. Mission Linen Supply et al

### A.    Legal Character of Claims

"If a claim arises entirely from a right or duty of the CBA—for example, a claim for violation of the labor agreement, whether sounding in contract or in tort—it is, in effect, a CBA dispute in state law garb, and is preempted."  *Alaska Airlines*, 898 F.3d at 921 (citation omitted).  Here, Rojas brings claims under California statutes protecting against discrimination.  "FEHA employment discrimination claims are not ipso facto preempted by § 301 of the LMRA."  *Detabali v. St. Luke's Hosp.*, 482 F.3d 1199, 1203 (9th Cir. 2007).  Because he seeks to vindicate rights conferred by California law, the CBA is plainly not the "only source" of Rojas's claims.  *See Alaska Airlines*, 898 F.3d at 921.  Accordingly, the Court moves to the second step of the analysis.

### B.    Dependence on CBA

Even where a CBA does not create the right at issue, LMRA § 301 may still preempt the state-law claim when "litigating the state law claim nonetheless requires interpretation of a CBA," *Alaska Airlines*, 898 F.3d at 921—that is, where the claim is "substantially dependent" on an analysis of the CBA, *Burnside*, 491 F.3d at 1060.  "Interpretation" is construed narrowly in this context: for the claim to be preempted, there has to be an "active dispute" over the meaning of the CBA's terms, and "the result of preemption at the second step is generally *not* the extinguishment of the state law claim."  *Alaska Airlines*, 898 F.3d at 921-22.  "[A]lleging a hypothetical connection between the claim and the terms of the CBA is not enough to preempt the claim."  *Burnside*, 491 F.3d at 1060 (quotations omitted).

Mission Linen argues that the "gravamen" of Rojas's Complaint is the reduction of his seniority and the loss of his assigned route.  It states that there are at least four questions at issue that require analysis of the CBA:

(1) whether Plaintiff's roughly year-long absence from June 2020 to June 28, 2021 due to a personal injury extinguished his then-existing seniority rights pursuant to Articles 9 and 14(e) of the CBA; (2) whether Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-08639-JLS-JC                         Date: July 25, 2023
Title:  Eric Rojas v. Mission Linen Supply et al

was entitled to notice beyond the usual "posting" of route vacancies
pursuant to Article 20 of the CBA while he was on leave due to his
personal injury; (3) whether Defendant properly complied with the Route
Bidding provisions by allowing other employees to exercise their own
seniority rights; and (4) whether Plaintiff was obligated to use the grievance
arbitration procedure of the CBA to address his grievances regarding
seniority and route placement.

(Opp. at 17.)  Mission Linen argues that because seniority and assigned route are
conferred by the CBA, Rojas's claims must be preempted.  (*Id.* at 18.)

The Ninth Circuit has "consistently held that state law discrimination claims under
the FEHA do not require courts to interpret the terms of a CBA and are therefore not
preempted by § 301." *Schrader v. Noll Mfg*. Co., 91 Fed. App'x 553, 555 (9th Cir.
2004).  State antidiscrimination statutes are not generally preempted "because the right is
defined and enforced under state law without reference to the terms of any collective
bargaining agreement." *Chmiel v. Beverly Wilshire Hotel Co.*, 873 F.2d 1283, 1286 (9th
Cir. 1989); *see also Ackerman v. W. Elec. Co., Inc.*, 860 F.2d 1514, 1517 (9th Cir. 1988).

For example, in *Detabali*, the Ninth Circuit found that the LMRA did not preempt
a plaintiff's claims under FEHA for race and ethnicity discrimination, even though the
viability of her claims depended on whether she was legitimately terminated for refusing
to work outside of her cluster, a determination which would require looking to the cluster
provision of her collective bargaining agreement.  482 F.3d at 1203-04.  The Ninth
Circuit reasoned that preemption did not apply because no party disputed the meaning of
any terms within the agreement, and so resolution of the central issues of discrimination
did not depend on interpretation of the collective bargaining agreement. *Id.* at 1203.

Similarly, in *Ramirez v. Fox Television Station, Inc.*, the Ninth Circuit found that a
plaintiff's claims of national origin discrimination were not preempted, though the
discriminatory acts she alleged concerned terms and conditions of her employment that
were governed by a collective bargaining agreement.  998 F.2d 743, 748-49 (9th Cir.
1993).  There, as here, the defendant argued that the "rights" the plaintiff sought to

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-08639-JLS-JC                          Date: July 25, 2023
Title:  Eric Rojas v. Mission Linen Supply et al

enforce arose solely under the collective bargaining agreement. *Id.* at 748.  The Ninth Circuit found, however, that the right the plaintiff sought to vindicate was her right to be free from discrimination.  It explained: "The Bargaining Agreement will likely be referred to by Ramirez and Fox to determine the terms and conditions of her employment. But her underlying cause of action is that Fox discriminated against her in applying and/or altering those terms and conditions. Although the inquiry may begin with the Bargaining Agreement, it certainly will not end there." *Id.* at 748-49.

   *Detbali* and *Ramirez* are instructive here.  Though a decision maker may need to reference or look to the terms of the CBA in deciding this case, the core issue is whether or not Rojas was discriminated against on the basis of his disability.  That he is alleging that the discrimination manifested in the loss of privileges conferred by the CBA, like seniority, in addition to other harms, including not being given accommodations and not being given an interactive process, does not mean that LMRA preemption applies.  Mission Linen has pointed to provisions of the CBA that may be relevant, but not any provisions whose meaning is disputed.  *See Klausen v. Warner Bros. Television*, 158 F. Supp. 3d 925, 934 (C.D. Cal. 2016) ("[W]hile it may be necessary to consider the CBA in the course of resolving plaintiff's FEHA claims, the Court finds that the terms of the CBA will only be considered by way of reference and will not be reasonably disputed by the parties.").

   Accordingly, the Court lacks jurisdiction over this matter and Rojas's Motion to Remand is GRANTED.

   **C.     Attorney Fees**

   A district court may, in an order remanding a case, award attorney fees if the removing party lacked an objectively reasonable basis for removal.  *See* 28 U.S.C. § 1447(c); *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  Though Ninth Circuit precedent makes clear that this case was not a close one, "[t]he demarcation between preempted claims and those that survive § 301's reach is not . . . a line that lends

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-08639-JLS-JC                                Date: July 25, 2023

Title:  Eric Rojas v. Mission Linen Supply et al

itself to analytical precision." *Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 691 (9th Cir. 2001).  Mission Linen did not lack a reasonable basis for its removal.  Rojas's request for attorney fees is therefore DENIED.

IV.     **CONCLUSION**

For the foregoing reasons, the Court GRANTS Plaintiff's Motion to Remand, and remands this action to Santa Barbara County Superior Court, Case No. 22CV03883.

Initials of Deputy Clerk: gga